Case 4:25-cv-05797   Document 19   Filed 01/15/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO PONCE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-5797 |
| | § | |
| JOE SMITH, Warden, Joe Corley | § | |
| Detention Facility, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On December 15, 2025, the court granted in part Mario Ponce's habeas petition, ordering the government to provide him with a bond hearing under 8 U.S.C. § 1226(a) within fourteen days or release him. (Docket Entry No. 12). The government did not do so. Rather, at a hearing before an immigration judge on December 22, 2025, the immigration judge again determined that he did not have jurisdiction to hear Ponce's bond redetermination request. (Docket Entry No. 15-1). The immigration judge also found, in the alternative, that Ponce was a danger to the community. (*Id.*). Ponce has now filed a motion to compel enforcement of this court's December 15, 2025, order. (Docket Entry No. 13).

The immigration judge's ruling that he did not have jurisdiction directly contravenes this court's order that the government provide the petitioner with a proper bond hearing under § 1226(a). (Docket Entry No. 12). As this court explained in prior order, and as numerous courts around the country have concluded, Ponce is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). (Docket Entry No. 12); *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No.

4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, Politico (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The immigration judge's conclusion that he did not have jurisdiction—implicitly classifying Ponce again as subject to § 1225(b)—is incorrect.

Although the government points out that the immigration judge had ruled that, in the alternative, Ponce was a danger to the community, (Docket Entry No. 16), the court does not take lightly the immigration judge's repudiation of the court's clear order. The court denies the motion to compel as to releasing Ponce but orders the government to provide a proper bond hearing under § 1226(a) by January 22, 2026, or release Ponce. If the immigration judge properly concludes that he has jurisdiction at the next hearing, he may again make a discretionary finding as to whether Ponce is a danger to the community.[1]

SIGNED on January 15, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

---

[1] The court notes that it does not have jurisdiction to review discretionary decisions made by an IJ regarding bond. *See Fuentes v. Lyon*, No. 5:25-CV-00153, 2025 WL 3022478, at *3 (S.D. Tex. Oct. 29, 2025). While it may seem formalistic to force the IJ to jump through procedural hoops only to reach the same alternative conclusion, the IJ's actual holding—that he does not have jurisdiction—violates this court's order. The court's ruling today is limited to the IJ's improper jurisdictional finding.